The judgment of the court was pronounced by
Eustis, C. J.
The appellees, creditors of Benjamin Florance, who had filed his bilan as an insolvent debtor in the late Commercial Court of New Orleans, in 1849, alleging that he had acquired sufficient property to authorize them in exacting a new surrender for the purpose of paying their several claims which had not been dischax-ged by the insolvent proceedings moved in the Coui't of the Fourth Disti-ict of New Ox-leans, which had succeeded to the commercial court, for an order directing him to make a new sun-ender.
A petition was filed making out a px-oper ease, and the ox-der of the court was, that the insolvent within ten days after notice of the petition and order-, malte a surrender of the property acquired by him since the date of his cession in 1840, or show cause why he should not do so. The insolvent to this px-oceeding filed *394 two exceptions : one to the jurisdiction of the court, he being domiciliated and residing in the parish of Jefferson ; the other, that he was not bound to answer to the rule, the action to compel a new surrender being one which ought to be institued and conducted according to the usual forms of civil actions, by petition, citation, &c.
The exceptions were overruled; the district judge considering the proceedings of the appellees as a continuance of the former proceedings in insolvency, judgment was afterwards rendered decreeing a surrender of property, and the insolvent Florance has appealed.
The right of the creditor, whose debt has not been discharged under the insolvent acts, to compel a new cession of the property of his debtor, if the latter has acquired property over and above what is necessary for his maintenance, is given by the article 2173 of the Code, But on this fund the creditors since the cession have a preference over the old ones.
The practice in proceedings of this kind does not appear to have been uniform. Morgan v. Dalton, 3 L. R. 333. 8 R. R. 304. In the case of Plympton v. Preston, 4th Ann. 360, we had occasion to examine this subject, and we think it necessarily results, from what we held to be the law in that case, that the proceedings of the creditor in the exercise of this right to force a new surrender must be by action in the ordinary form. It is but proper and just that the defendant should have the privilege of meeting the issues of fact presented as in any other suit.
The question of domicil, in a case of this kind, also involves rights of the most serious kind. Men who have failed in remote parts of the State, and instituted their insolvent proceedings in the courts of their domicil, frequently remove and establish themselves in the city or some other part of the Stale. They form new establishments, and often retrieve their fortunes on the credit they obtain. The creditors since the surrender of property have a preference on their property newly acquired over their old ones. To subject the debtor and his new creditors to the exclusive jurisdiction of the courts in a distant parish, having original cognizance of the insolvent proceedings, and to transfer the debtor’s property there for administration and distribution, would be an abuse in the administration of justice.
¥e therefore think, the court erred in overruling the exceptions filed by the appellant. The judgment of the district court is therefore reversed, and the plaintiff’s petition dismissed, with costs in both courts.